**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

| | |
|---|---|
| DESIREE YOUMANS, <br><br> Plaintiff, <br><br> v. <br><br> LISA VON PIER, et al., <br><br> Defendants. | Civil No. 18-16363 (RMB/AMD) <br><br> **MEMORANDUM OPINION & ORDER** |

**RENÉE MARIE BUMB**, United States District Judge:

Plaintiff Desiree Youmans originally commenced this action in the Superior Court of New Jersey, Burlington County on October 8, 2018, alleging various claims against Defendant Tawanna Herbert and Defendants Department of Children and Families ("DCF"), Division of Child Placement and Protection ("DCPP"), Lisa Von Pier, Chance Gayles, and Chris Womble (hereinafter, the "State Defendants"), in relation to an incident in which Plaintiff's ex-boyfriend, who is also the father of one of Plaintiff's children, attacked Plaintiff outside of her home. After Plaintiff filed an Amended Complaint on November 16, 2018, which alleged federal claims, including civil rights and substantive due process violations, the State Defendants removed the case to this Court on November 21, 2018.

[See Dkt. No. 1]. Now, this matter comes before the Court upon Motions to Dismiss Plaintiff's Amended Complaint, filed by Defendant Herbert [Dkt. No. 4] and the State Defendants [Dkt. No. 16].

In Plaintiff's Brief in Opposition to the State Defendants' Motion for Dismissal, Plaintiff defends her other claims, but states that she "will not be making the argument with respect [to] the first, second, and sixth counts." [Dkt. No. 30, at 1]. The Court construes Plaintiff's statement as a concession that dismissal is warranted for the First Count (deprivation of Fourteenth Amendment substantive due process rights under 42 U.S.C. § 1983), the Second Count (civil rights violations under 42 U.S.C. § 1983), and the Sixth Count (failure to train, supervise, and implement policies). As none of the opposing parties have served neither an answer nor a motion for summary judgment, the Court will treat Plaintiff's statement as notice of dismissal for the first, second, and sixth counts, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i).

Notably, with the first and second counts dismissed, none of the remaining counts arise under federal law. Indeed, the Third Count (violation of DCF and DCPP policies), the Fourth Count (negligence), the Fifth Count (gross negligence/willful misconduct), and the Seventh Count (failure to supervise or warn – against Defendant Herbert) all arise under state law.

Because this case was removed to this Court on the basis of federal question jurisdiction under 28 U.S.C. § 1331, which no longer exists, this Court declines to exercise supplemental jurisdiction over the remaining state law claims.  Therefore, the Court will remand this case back to the Superior Court of New Jersey, Burlington County.  As such, Defendants' remaining arguments for dismissal of Plaintiff's state law claims should be addressed by the Superior Court on remand.

**ACCORDINGLY, IT IS** on this **18th** day of **June 2019**, hereby

**ORDERED** that the First, Second, and Sixth Counts in Plaintiff's Amended Complaint are **DISMISSED WITHOUT PREJUDICE**; and it is further

**ORDERED** that Defendants' Motions to Dismiss [Dkt. Nos. 4, 16] are **ADMINISTRATIVELY TERMINATED**; and it is further

**ORDERED** that this case is **REMANDED** to the New Jersey Superior Court, Burlington County (Case No. BUR-L-001861-18); and it is further

**ORDERED** that the Clerk of the Court shall close this case.

s/Renee Marie Bumb  
RENÉE MARIE BUMB  
United States District Judge